# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| CRAIG M. FISHER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | CV 11-26-BLG-CSO<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT** |

Plaintiff Craig M. Fisher [Fisher] seeks judicial review of the Defendant Commissioner of Social Security's [Commissioner's] denial of his application for disability insurance benefits [DIB] and supplemental security income [SSI] under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383(c). *Court Doc. 1.* Pursuant to the parties' consent, this case is assigned to the undersigned judge for all further proceedings, including entry of judgment. *Court Doc. 9.*

Now pending are the parties' cross-motions for summary judgment. For the reasons stated below, Fisher's motion will be denied,

the Commissioner's motion will be granted, and the denial of Fisher's DIB and SSI will be affirmed.

## I.      PROCEDURAL BACKGROUND

Fisher is a 60-year-old male who seeks DIB and SSI based on morbid obesity, hypertension, diabetes mellitus type 2, atrial fibrillation, prostatism (benign prostatic hypertrophy), probable carpal tunnel syndrome, and probable knee arthritis. *Court Doc. 15* at 3; *Tr. at 17-19*.

Fisher applied for DIB and SSI on three separate occasions: November 14, 2002, June 30, 2005, and December 21, 2007. All three applications alleged an inability to work since January 30, 2002, and all three applications were denied. *Tr. at 15*; *Court Doc. 15* at 2.

Fisher's most recent application was denied at the administrative level on May 2, 2008, and on reconsideration on July 23, 2008. At Fisher's request, ALJ Kilroy held a hearing on May 21, 2009. *Tr. at 27-96*. The ALJ then issued a decision denying Fisher SSI and DIB on September 11, 2009. *Tr. at 15*. The Appeals Counsel denied a review of the ALJ's decision on January 25, 2011, and he appealed to this Court

2

on March 14, 2011.

## II.   <u>STANDARD OF REVIEW</u>

This Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error.  *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42 U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla, but less than a preponderance."  *Id.* (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005) (internal quotations omitted)).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation marks and citation omitted).

This Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and cannot affirm the ALJ "by isolating a specific quantum of supporting evidence."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation omitted).  The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving ambiguities. *Hegel v. Astrue*, 325 Fed.Appx. 580 (9th Cir. 2009) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995)).

"Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

## III.    **BURDEN OF PROOF**

A claimant is disabled for purposes of the Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr.,* 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)); 20 C.F.R. § 416.905(a).

In determining whether a claimant is disabled, the Commissioner

follows a five-step sequential evaluation process.  *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(I)-(v),

416.920(a)(4)(I)-(v).

1.  The claimant must show that he or she is not currently engaged in substantial gainful activity.  *Tackett*, 180 F.3d at 1098.

2.  If not so engaged, the claimant must show that he or she has a severe impairment.  *Id.*

3.  The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments").  *Id.*  If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis must proceed to the fourth step.

4.  If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here.  *Id.*  "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step."  *Id.* at 1098-99.

5.  If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If an adjustment to other work is possible then the claimant is not disabled.  *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform.  *Tackett*, 180 F.3d at 1099.  The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2.; *Tackett,* 180 F.3d at 1099.  If the Commissioner is unable to meet this burden, then the claimant is disabled and entitled to benefits.  *Tackett,* 180 F.3d at1099.

## IV.   <u>THE ALJ's OPINION</u>

In determining that Fisher was not eligible for SSI or DIB, the ALJ followed the applicable sequential evaluation process for determining disability.  *Tr. at 17-24*; *Tackett*, 180 F.3d at 1098-99. First, the ALJ found that Fisher had seven severe impairments: (1) morbid obesity, (2) hypertension, (3) diabetes mellitus type 2, (4) atrial fibrillation, (5) prostatism (benign prostatic hypertrophy), (6) probable carpal tunnel syndrome, and (7) probable knee arthritis by history.  *Tr. at 17-19.*

Second, the ALJ found that none of these impairments, nor a

combination thereof, met or medically equaled the listed impairments in 10 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. at 19*. The ALJ explained that in reaching his conclusion, he "placed a special review on listings 1.02, 4.02, 4.04, 4.05, 9.08, and considered pain as well as potential combined effects of obesity pursuant to SSR 02-1p." *Id.*

Next, the ALJ found that Fisher has the residual functional capacity to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). *Id.* The ALJ qualified this with a number of specific limitations and then discussed those qualifications and his reasons for finding Fisher's specific residual functional capacity [RFC]. *Tr. 19-24*.

The ALJ then found that Fisher was capable of performing past relevant work as a "habilitation tech II (DOT #195.227-010)," which fit the limitations of Fisher's RFC. *Tr. at 24*. The ALJ explained that this finding was enough to establish that Fisher was not disabled, but also offered that "in the alternative... considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant can also perform." *Id.*

The ALJ then discussed the testimony of the vocational expert

7

[VE] and examined Fisher under the framework of the Medical-Vocational Guidelines, Rule 202.15 and 202.07. *Tr. at 24-25.* Through that analysis, the ALJ established that a finding of "not disabled" was appropriate under the framework, and concluded that Fisher "has not been under a disability, as defined by the Social Security Act, from January 30, 2002 through the date of this decision." *Tr. at 25.*

## V.     THE PARTIES' ARGUMENTS

### A.     Fisher's Arguments

Fisher makes several arguments throughout his two briefs. *Court Doc. 15* and *23.* First, Fisher argues that the ALJ did not give proper weight to Dr. Schiffert's findings and opinions. *Court Doc. 15* at 8, 12-25; *Court Doc. 23* at 2-5. Citing 20 C.F.R. § 404.1527(d)(2), Fisher asserts that the ALJ disregarded the findings of Dr. Schiffert, his treating physician. Fisher argues that controlling weight must be given to the opinions of a treating physician. *Court Doc. 15* at 12-14. Fisher maintains that such opinions may only be disregarded after the ALJ has given specific reasons for doing so, supported by substantial evidence in the record. *Id.* at 14-15. Fisher contends that the objective medical evidence, which the ALJ disregarded, support the claimed

functional limitations.

Fisher claims that the ALJ failed to comply with the Social Security Administration's regulations – especially SSR 96-5p – concerning a treating physician's statements relative to the ultimate issue reserved to the Commissioner. *Court Doc. 15* at 12, 15-19; *Court Doc. 23* at 5. Fisher asserts that Dr. Schiffert's opinions about Fisher's functional limitations (made in February and May of 2009) go to the ultimate issue to be decided by the commissioner, and therefore the ALJ was required to "make every reasonable effort to recontact" Dr. Schiffert for clarification. *Court Doc. 15* at 15-16; *Court Doc. 23* at 5.

In addition, Fisher argues that the ALJ improperly found that he was not credible. *Court Doc. 15* at 4-5, 12, 26-30. Fisher maintains that the ALJ mischaracterized his testimony about his enlarged prostate and the frequency and duration of his urination. *Court Doc. 15* at 26. Fisher also claims that the ALJ failed to point to specific facts that supported his credibility determination, as required by the Ninth Circuit. *Id.* at 27-30. Fisher argues that there is ample evidence to support his testimony within the medical record. *Id.* at 30-36.

Fisher also argues that the only hypothetical question posed to the

VE that included all of Fishers limitations produced a determination of inability to work.  *Court Doc. 15* at 36.  For this reason, and the other reasons he discusses, Fisher argues that this Court should either reverse or remand his case.  *Court Doc. 15* at 37.

## B.   <u>The Commissioner's Arguments</u>

The Commissioner first asserts that substantial evidence supports the RFC found by the ALJ.  *Court Doc. 21* at 3-5.  The Commissioner states that the ALJ's finding of an RFC of light work "was largely in accord with" the opinions of Dr. Donaldson, Dr. Schiffert, and "was deferential" to Fisher's subjective complaints.  *Id.* at 5.

The  Commissioner asserts that it was reasonable for the ALJ to give less weight to portions of Dr. Schiffert's findings, where they were contradicted by other parts of the record.  *Id.* at 5-8.  The Commissioner argues that portions of Dr. Schiffert's May 2009 opinion differ from his February 2009 opinion in ways that are inconsistent with the objective medical evidence.  *Id.* at 6-7.  The Commissioner claims that the ALJ was correct to give the changed opinion less weight, not only because it was inconsistent, but also because it went to an ultimate issue reserved for the Commissioner – Fisher's functional capacity.  *Id.* at 7.

The Commissioner argues that the ALJ weighed Fisher's testimony against the rest of the record and reasonably concluded that Fisher was not entirely credible. *Id.* at 8-12. The Commissioner maintains that the ALJ properly considered the factors required by various Ninth Circuit precedents including inconsistencies between the testimony and the objective medical record. *Id.*

Finally, the Commissioner argues that if this Court should find error with the ALJ (which the Commissioner does not concede) the appropriate relief is remand, not an award of benefits. *Id.* at 12-15. The Commissioner maintains that Fisher must be actually disabled to be entitled to benefits, no matter how egregious an ALJ's error may be. *Id.* at 12-13. Since Fisher is not, in fact, disabled, the Commissioner asserts that the only available remedy is remand and not an award of benefits. *Id.* at 12-14.

## VI.   **DISCUSSION**

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error. Applying controlling Ninth Circuit authority, the

Court concludes that the ALJ's decision is based on substantial evidence and contains no legal error.  For the reasons set forth below, the Court finds Fisher's arguments unpersuasive.

### A.   The ALJ gave proper weight and consideration to Dr. Schiffert's findings and opinions.

A treating source is defined as a "physician, psychologist, or other acceptable medical source" who has provided a claimant with "medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the claimant.  20 CFR § 404.1502; *see also* SSR 96-2p.  The parties agree that Dr. Schiffert is a treating physician.  *Court Doc. 15* at 8; *Court Doc. 21* at 6.

The Ninth Circuit has held that "more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.  At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject his opinion without providing "specific

and legitimate reasons" supported by substantial evidence in the record.

*Lester v. Chater*, 81 F.3d at 830.  Even if the treating doctor's opinion is

contradicted by another doctor, the Commissioner may not reject his

opinion without providing "specific and legitimate reasons" supported

by substantial evidence in the record for so doing.  *Id.*

> **i.  The ALJ properly declined to give Dr. Schiffert's opinion controlling weight on a matter reserved to the Commissioner.**

In general, if a medical opinion is inconsistent with other

substantial evidence in the record, or is not "well supported by

medically acceptable clinical and laboratory diagnostic techniques" then

it is not entitled to controlling weight.  SSR 96-2p; 20 C.F.R. §§

404.1527(d)(2), 416.927(d)(2).  When confronted with conflicting medical

opinions, an ALJ need not accept a treating physician's opinion that is

conclusory and brief and unsupported by clinical findings.  *Matney v.

Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Additionally, an ALJ may

reject a physician's opinion if it is based upon a claimant's subjective

complaints.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

More importantly, "the adjudicator is specifically precluded from

giving any special significance to the source: e.g., giving a treating

source's opinion controlling weight, when weighing these opinions on

issues reserved to the Commissioner."  SSR 96-5p1; *see also* 20 C.F.R. §§

404.1527(e)(2) and 416.927(e)(2).  The ALJ directly addressed this issue

by stating:

> Dr. Schiffert has offered two different opinions regarding the
> claimant's residual functional capacity.  These opinions cannot be
> afforded controlling weight since the issue is reserved solely to the
> Commissioner, but Dr. Schiffert has treated the claimant since
> November 2008 and his opinions on this issue were carefully
> considered in determining the claimant's residual functional
> capacity.

*Tr. at 23.*

In addition to this specific reason for not giving Dr. Schiffert's

ultimate opinions controlling weight, the ALJ also gave additional

reasons.  The ALJ discussed conflicts between Dr. Schiffert's two

different opinions – one in February of 2009 (*Tr. at 330-336*), and one in

May of 2009 (*Tr. at 350-353*).  *Tr. at 23.*  The ALJ highlighted

inconsistencies between the two opinions, inconsistencies with Dr.

Schiffert's own notes, and inconsistencies between the opinions and the

rest of the medical record.  *Id.*  The ALJ noted that the medical records

disclosed "no significant change for the worse in the claimant's condition

in the three months between the assessment forms…." and also pointed

14

out that Dr. Schiffert's May 2009 opinion (the opinion to which he decided to give less weight) was substantially based on Fisher's own subjective complaints. *Id.* (noting, for example, that Dr. Schiffert's May 2009 opinion indicated that Fisher had constant knee and chronic back pain in the past three years, even though Dr. Schiffert only began examining Fisher in November 2008 and earlier treatment notes of other providers revealed few complaints regarding knee pain and no complaints about constant back pain).

The ALJ also noted that he considered the opinion of the State agency medical consultant, who concluded that the claimant was able to lift 50 pounds occasionally and 25 pounds frequently, stand/walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. This consultant also concluded that the claimant was able to balance and stoop frequently, kneel, crouch and crawl occasionally, and stair climb occasionally – although the ALJ reduced his RFC findings based on additional evidence and testimony at the hearing. *Tr. at 23.*

It should also be noted that, even without giving Dr. Schiffert's opinions controlling weight, the ALJ reached conclusions that were very similar to Dr. Schiffert's February 2009 assessment. This is best

evidenced by the final sentence of the ALJ's RFC finding, in which he states that "[t]his assessment is not identical in all respects but is very similar to Dr. Schiffert's medical assessment of the claimant's ability," made in February of 2009. *Tr. at 23, 256-263.*

The Court finds that the ALJ thus gave clear and convincing reasons for his decision not to give Dr. Schiffert's opinion controlling weight. The ALJ complied with the requirements of the Social Security Administration [SSA] and the Ninth Circuit. SSR 96-5p; SSR 96-2p; *Lester,* 81 F.3d at 830; *Tonapetyan,* 242 F.3d at 1149.

In arguing that the ALJ did not give Dr. Schiffert's opinion the correct weight, Fisher effectively asks the Court to reweigh the medical evidence and to arrive at a conclusion different from that of the ALJ. *Court Doc. 15* at 12-30. The Court is not permitted to do so. *Ryan*, 528 F.3d at 1198. Even in those instances in which the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's interpretation if it is supported by substantial evidence. *Thomas,* 278 F.3d at 954. With respect to the weight given to Dr. Schiffert's opinions, the Court can only review the ALJ's decision for legal error. *Ryan*, 528 F.3d at 1198. There was no such error here.

16

### ii.   The ALJ was not required to contact Dr. Schiffert for clarification of his opinions.

Based on SSR 96-5p, Fisher argues that the ALJ was required to contact Dr. Schiffert for clarification of Dr. Schiffert's opinions on the issues reserved to the Commissioner. *Court Doc. 23* at 5. SSR 96-5p explains that "if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion."

But here the ALJ explained his assessment of the basis of Dr. Schiffert's opinions. *Tr. at 23.* The ALJ found that Dr. Schiffert's February 2009 opinion matched Dr. Schiffert's own treatment records (upon which it must therefore have been based). *Id.* As above noted, the ALJ also specifically stated that the May 2009 opinion was "heavily based on the claimant's subjective complaints." *Id.* The ALJ was thus not required by SSR 96-5p to recontact Dr. Schiffert.

### B.   The ALJ properly considered inconsistencies in the record to assess Fisher's credibility.

The ALJ may, after engaging in the appropriate analysis, reject a

claimant's subjective testimony about the severity of symptoms, but he must cite specific, clear, and convincing reasons for doing so. *Lockwood v. Comm'r Soc. Sec.,* 397 Fed. Appx. 288 (9th Cir. 2010). To assess credibility in this manner, the ALJ may consider ordinary evaluation techniques, including any unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ may take the lack of objective medical evidence into consideration when assessing credibility. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004). Inconsistencies in testimony may also be factored in such an assessment. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ must also consider the following factors: the location, duration, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any

medication; treatment, other than medication, for relief of pain; functional restrictions; and the claimant's daily activities.  20 C.F.R. § 416.929(c)(3).

Here, the ALJ gave specific, clear, and convincing reasons for finding that Fisher's testimony about the "intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the ALJ's RFC finding.  *Tr. at 21*.  The ALJ highlighted Fisher's inconsistent statements as well as inconsistencies between medical findings and the symptoms that Fisher alleged.  *Id*. The ALJ explicitly discussed the factors he had to consider (*Tr. at 20*) and then discussed each of those factors in turn.  *Tr. at 20-22*.  The ALJ also considered additional factors including that "none of the claimant's physicians described him as being disabled or even imposed physical work-related restrictions upon him at the alleged onset date" and that Fisher's own doctor indicated in February 2009 that Fisher was capable of light work.  *Tr. at 22*.  The ALJ also noted that Fisher has no history of uncontrolled pain complaints and has not required pain management or other treatment due to pain.

Fisher is specifically concerned that the ALJ mischaracterized or

incorrectly questioned the credibility of his testimony about his enlarged prostate and his frequent need to urinate, suggesting that Fisher would spend six to eight hours a day emptying his bladder. *Court Doc. 15* at 26; *Court Doc. 23* at 2-3.  In making this assertion, the ALJ referenced Fisher's testimony at the hearing regarding the frequency and duration of his urination.  *Tr. at 21* (*referencing Tr. at 45-46, 93-95*).  But Fisher did testify that at times his need to use the bathroom "will last four to six hours" (*Tr. at 45*).  The ALJ noted that Fisher did not report excessive urination to his doctors, which was the ALJ's main credibility concern.  *Id; see e.g. Tr. at 342-343* (cited by Fisher, *Court Doc. 15* at 23 and discussed by the ALJ, *Tr. at 22-23*).

Thus, the ALJ's stated reasoning, that Fisher's credibility is questionable because he "never reported alleged restrictions such as … spending up to 6 hours taking care of bathroom needs on any consistent or regular basis" remains persuasive.  *Tr.* at 21.  The ALJ explained: "While he does reasonably have frequent urination due to his medications which include diuretics and/or due to BPH [benign prostatic hypertrophy], the amount of time involved with this seems overstated when he hasn't mentioned that he is actually spending that

amount of time in a bathroom to his doctor…." *Id.*  Fisher suggests that

the reason for this lack of documentation is his lack of funds for medical

care. *Court Doc. 15* at 26-27.  But, as the ALJ specifically noted, Fisher

"has received ongoing medical care from primary care providers who

have had the opportunity to see him fairly frequently over time and who

have not observed marked functional loss due to his underlying

impairments and symptoms on examinations…." *Tr.* at 21-22.

Citing no authority, Fisher complains that the ALJ used a "sit and

squirm" test, which he is not permitted to do. *Court Doc. 15* at 9, 26.

But the disapproved "sit and squirm" test occurs when an ALJ

improperly bases his opinion on a claimant's apparent lack of symptoms

at the hearing, and there is no suggestion that this ALJ violated this

jurisprudential rule. *See Aviles v. Astrue, 2010 WL 3155150 (citing

Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985)).  In addition, the

inclusion of the ALJ's personal observations does not render the

decision improper. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir.

1999).

The ALJ concluded that the "overall picture presented by the

evidence since January 30, 2002 indicates that the claimant has

overstated both his symptoms and limitations." *Tr.* at 21.  The ALJ is responsible for determining credibility.  *Hegel*, 325 Fed.Appx. 580.  Substantial evidence supports the ALJ's specific, clear and convincing reasons for determining that Fisher's statements were not entirely credible.

## C.   <u>ALJ did not err in presenting the hypothetical questions to the vocational expert.</u>

Fisher argues the ALJ erred in posing to the VE a hypothetical question that did not fully "incorporate[] all limitations of the treating physicians as well as the limitations described by [Fisher]..." *Court Doc. 15* at 36.  The Court has already found, *supra*, that the ALJ did not err in his assessment of Fisher's credibility regarding his symptoms and limitations, nor in giving less weight to some Dr. Schiffert's inconsistent opinions.  Therefore, the ALJ was not required to include these in his hypothetical question.  *Ostenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").  Rather, the ALJ relied upon the substantial medical evidence, discussed below, for purposes of framing the hypothetical.  *Tr. at 24-25.*

The ALJ was permitted to do this, and thus he did not err.

### D.   Substantial evidence supports the ALJ's finding of not disabled.

The Court finds that the ALJ's decision is supported by substantial evidence from the record.  The ALJ issued a thoughtful, detailed decision that includes a thorough discussion of relevant medical evidence, opinions, and testimony.  *Tr. at 15-26.*

In evaluating Fisher's claims, the ALJ was required to "make fairly detailed findings in support" of his decision that would "permit courts to review those decisions intelligently."  *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (citation omitted).  In doing so, an "ALJ does not need to discuss every piece of evidence" and "is not required to discuss evidence that is neither significant nor probative[.]"  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations and citations omitted).

A reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) (*citing Robins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  But a

court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (*citing Connett v. Barnhart*, 340 F.3d 871,874 (9th Cir. 2003)).

The ALJ reviewed the record and explained his rationale for assessing Fisher's functional capacity and credibility. *Tr. at 15-26.* The ALJ's decision reviewed the substantial evidence that informed and supported his conclusion with respect to Fisher's disability claim. *Id.* The ALJ referenced the records of three doctors, who examined and treated Fisher: Dr. Dudczak (*Tr. at 18, 384-85*), Dr. James (*Tr. at 18, 264-329*), and Dr. Schiffert (*Tr. at 19, 22-25, 256-324, 330-336, 339-348*). Over the course of his determination, the ALJ considered the entire medical record. *Tr. at 17-22* (*citing Tr. at 222-254, 256-336, 339-395*).

Relying on this substantial evidence from the record, the ALJ found that Fisher is capable of light, unskilled work, and therefore ineligible for benefits. *Tr. at 19*-25. The Court has reviewed these medical records cited by the ALJ. The Court finds that they support the ALJ's conclusion that Fisher is not disabled. This Court finds, therefore, that the ALJ's decision is supported by substantial evidence.

## VII.  CONCLUSION

The ALJ's decision was based on substantial evidence from the record and contained no legal error.  For these reasons,

**IT IS ORDERED** that:

(1)   the Commissioner's motion for summary judgment (*Court Doc. 20*) is GRANTED; and

(2)   Fisher's motion for summary judgment (*Court Doc. 14*) is DENIED.

The Clerk of Court is directed to enter judgment accordingly.

DATED this 22nd day of February, 2012.


/s/ Carolyn S. Ostby
United States Magistrate Judge